[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this case appeals from the action of the defendant, Meriden Zoning Board of Appeals in affirming the opinion of the zoning enforcement officer with respect to the use of property located at 58 Mill Street, Meriden, Connecticut.
The property in question is in a R-4 residential zone and is known as Mill Memorial development. The plaintiff is the owner of the property which contains a multiple-family dwelling or dwellings which is a permitted use in a R-4 zone.
The record reveals that the plaintiff, through counsel, by letter dated August 2, 1990 requested the Meriden Zoning Enforcement Officer, investigate the operation of a corporate office in a residential building, i.e. 58 Mill Street, without a special exception. Such request stated that Apartment 1B was being used as such by United Tenants of Meriden, Inc. (hereinafter UTOM). The plaintiff also requested that the zoning enforcement officer take the necessary action in the event a violation was found to exist.
By letter dated August 28, 1990 the zoning enforcement officer acknowledged that an investigation had taken place and in his opinion such use by UTOM, "is a valid ongoing accessory use Per Section 450-3(1) of the Meriden Zoning Ordinance and has been used as such for a number of years". The plaintiff appealed the action of the zoning enforcement officer to the defendant Meriden Zoning Board of Appeals which affirmed the zoning enforcement officer. The plaintiff appeals the action of the defendant to this court. The plaintiff is an "aggrieved person" pursuant to Connecticut General Statutes 8-8 (1) as the owner of the premises within which the subject premises is contained.[1]
At oral argument counsel for all parties agreed that the essential issue to be determined was whether the use of the CT Page 3873 apartment by UTOM was a valid "accessory use" under the Meriden zoning regulations as determined by the zoning enforcement officer.[2]
Section 213-7 of the regulations defines an accessory use as "A use incidental to the principal use `of a lot or a building located on the same lot.'" An accessory use is one which is customary and incidental to a permitted use. Lawrence v. Zoning Board of Appeals, 158 Conn. 509, 511 (1969).
"Incidental" requires that the use in question be subordinate to the primary use of the property and also bear a reasonable relationship to such use. Ibid, p. 512. In determining whether an alleged incidental use is "customary" the board must determine if such secondary use has commonly habitually and by long practice been established as reasonably associated with the primary use. Ibid. pp. 512-513.
The record reflects the UTOM is a corporation which is utilizing a three bedroom apartment from which to conduct its activities. UTOM apparently occupies the premises under a claim of right from Meriden Community Action Agency which had legal possession of the apartment. There is ongoing litigation between UTOM and the plaintiff as to the right of UTOM to remain in possession of the apartment.
The board could reasonably find that UTOM is an organization which was formed to assist public housing tenants in Meriden, not only in Mills but in other public housing within the City. The record also reflects that UTOM has approximately 900 members, only 140 of which reside at Mill Memorial Development.
The only function of the court in this proceeding is to determine if the board was legally correct in upholding the opinion of the zoning enforcement officer. The zoning enforcement officer declined the plaintiff's request to take action against UTOM on the basis that its use of the premises was an "accessory use" under the regulations.
In determining the validity of the decision of the zoning enforcement officer, the board was acting administratively in a quasi-judicial capacity in applying the regulations. Lawrence v. Zoning Board of Appeals, supra at p. 514. Therefore, the board is endowed with liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal. Toffolon v. Zoning Board of Appeals, 155 Conn. 558, 560 (1967).
The use of the premises in question is public housing. The disputed use is limited to matters which directly affect public CT Page 3874 housing tenants and their status as such. The fact that a majority of members of UTOM do not reside on the premises does not change the relationship between the primary use of the property and that which the zoning enforcement officer found to be an accessory use. Furthermore, the record reflects that UTOM's use of the premises has continued in the same manner since approximately 1982.
The court cannot find under the above circumstances, that the board abused its discretion, or acted unreasonably, arbitrarily or illegally in upholding the decision of the zoning enforcement officer.
Therefore the appeal is dismissed.
BRUCE W. THOMPSON, JUDGE